# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 15-139V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
JULIE REILING on behalf of her            *
minor child, G.R.,                        *     Filed: June 7, 2016
                                          *
              Petitioner,                 *
      v.                                  *     Interim Fees; Attorney's Fees and Costs.
                                          *
SECRETARY OF HEALTH                       *
AND HUMAN SERVICES,                       *
                                          *
              Respondent.                 *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Andrew Donald Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Gordon Shemin*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

### DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On February 11, 2015, Julie Reiling filed a petition on behalf of her minor child, G.R., seeking compensation under the National Vaccine Injury Compensation Program.[2] The Petition alleges that the Hepatitis-B vaccine, inactivated polio vaccine, Pedvax-hib vaccine, and/or pneumococcal conjugate vaccine that G.R. received on September 7, 2012, caused her to develop seizures and experience regression of skills. *See* Pet. at 1 (ECF No. 1). After failing to adhere to numerous court deadlines, Petitioner's present counsel filed a motion to withdraw from the matter

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged and confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

(ECF No. 26), followed by a request for an interim award of attorney's fees and costs. *See* April 25, 2016, Attorney's Fees Application (ECF No. 27) ("Fees App.").

Petitioner requests an interim award of attorney's fees and costs in the combined amount of $17,133.79. Fees App. at 1. Respondent opposes the request, arguing that an interim award is inappropriate. *See* Resp't's Response to Interim Request, dated May 9, 2016 (ECF No. 28).[3] However, to the extent those objections do not carry the day, Respondent otherwise represents that the sum requested herein is reasonable, and does not formally object to it. ECF No. 28 at 4 n.3.

Thereafter, on June 6, 2016, Petitioner filed a supplement to her Fees Application. Pet'r's Supplement to the Application for Final Attorney's Fees and Costs (ECF No. 30) ("Supp. Fees App."). In it, Petitioner requested an award of attorney's fees and costs (based on the same rates relied on in the Fees Application) for the additional work that was required to review and response to Respondent's objections to her initial Fees Application (representing a total of $4,192.09). Accordingly, Petitioner is now requesting an interim award of attorney's fees and costs in the combined amount of $21,325.88.

Based on my review of the case record, I find that an interim award is appropriate, especially given Mr. Downing's pending withdrawal motion. Counsel withdrawing from a matter have often been awarded their fees in the form of an interim award. *See, e.g.*, *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012) (upholding special master's decision to grant petitioner an interim fee award despite counsel's withdrawal); *Terrell v. Sec'y of Health & Human Servs.*, No. 13–334V, 2013 WL 4828593, at *2 (Fed. Cl. Spec. Aug. 20, 2013).

I also find that the requested rates are reasonable, in light of prior decisions discussing the appropriate rate for Mr. Downing, his associates, and his paralegals. *See generally Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669 (Fed. Cl. Spec. Mstr. Sept. 30, 2015); *see also McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Nor do I find that the amount of time expended on the matter was unreasonable. And Respondent for her part effectively, if not literally, has conceded the same. Counsel's costs are also reasonable.

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of attorney's fees and costs awards, and based on the foregoing, I **GRANT** Petitioner's Application for an Interim award of Attorney's Fees and Costs, awarding **$21,325.88**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER**

---

[3] Respondent's filing also includes a request for a ruling on the record dismissing the case (ECF No. 28 at 2-3), to which Petitioner responds in her reply (Reply, dated June 2, 2016 (ECF No. 29)). I will address the merits of Respondent's motion (as well as Petitioner's counsel's request to withdraw) by separate order.

**JUDGMENT** in accordance with the terms of this decision.[4]

    **IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.