# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 15-139V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
JULIE REILING on behalf of her          *
minor child, G.R.,                      *        Filed: June 30, 2016
                                        *
              Petitioner,               *
       v.                               *        Vaccine Act Entitlement;
                                        *        Denial Without Hearing.
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
              Respondent.               *
                                        *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Andrew Donald Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Gordon Shemin*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

### DECISION DISMISSING CASE[1]

On February 11, 2015, Julie Reiling filed a petition on behalf of her minor child, G.R., seeking compensation under the National Vaccine Injury Compensation Program.[2] The Petition alleges that the Hepatitis-B vaccine, inactivated polio vaccine, Pedvax-hib vaccine, and/or pneumococcal conjugate vaccine that G.R. received on September 7, 2012, caused her to develop seizures and experience regression of skills. *See* Pet. at 1 (ECF No. 1).

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner filed G.R.'s medical records, followed by a statement of completion on April 1, 2015. ECF Nos. 7, 8, 10. Respondent then filed a status report on April 30, 2015, advising that certain additional medical records necessary to evaluate Petitioner's claim were outstanding. ECF No. 11. I initially set the deadline of June 5, 2015, for Petitioner to file all additional medical records. After requesting two extensions of time, however, the complete medical records were not filed until August 2015. ECF No. 16. Respondent then filed her 4(c) Report disputing compensation on October 5, 2015. ECF No. 17.

Following a status conference held on October 19, 2015, and consistent with Respondent's views, I questioned the case's reasonable basis, particularly due to the significant temporal gap between the September 2012 vaccinations and G.R.'s next visit to a physician in April 2013, along with the lack of record evidence establishing a reaction to the vaccines. ECF No. 19 at 1. I also observed an insufficiency of record evidence attributing G.R.'s regression to these vaccinations. I allowed Petitioner time to consider how she wished to proceed with the claim, and ordered her to file a status report by November 20, 2015. *Id*.

Petitioner thereafter requested two extensions of time to file that status report, prompting me to set a status conference in the matter. ECF Nos. 20, 21, 22. Following a status conference held on January 7, 2016, I set a deadline for Petitioner's expert report of April 1, 2016, interpreting the repeated requests for extensions of time as reflecting her desire to proceed with the claim despite my concerns about its evidentiary viability. ECF No. 23.

That April 1st deadline passed, however, without Petitioner taking any action. Since then, Petitioner has yet to file an expert report or a status report regarding her intent to proceed. I subsequently issued an order setting April 22, 2016, as the deadline for the filing of Petitioner's expert report, and warning her that her continued failure to abide by deadlines risked dismissal of the case. *See* Order, dated Apr. 11, 2016 (ECF No. 24). Rather than comply with my Order, however, Petitioner thereafter (and the day before the deadline) requested even more time to evaluate her claim. *See* Motion, dated Apr. 21, 2016 (ECF No. 25). On that same date, Petitioner's counsel moved to withdraw from the case. ECF No. 27.

Respondent filed a brief in opposition to the motion to withdraw, but in it also requested dismissal of the case for Petitioner's failure to prosecute (thereby mooting the withdrawal motion). *See* Resp.'t's Corresponding Motion for a Ruling on the Record, dated May 9, 2016 (ECF No. 28) at 2-3.[3] Ms. Reiling for her part responded to the motion by arguing that it should be stayed, to permit Petitioner the opportunity to obtain new counsel and/or resolve her questions about the claim's viability. ECF No. 29 at 6.

---

[3] Respondent's motion was included in her response to Petitioner's earlier request for an interim attorney's fees award. I have separately ruled on that interim fees motion, however, by decision dated June 7, 2016. ECF No. 31.

2

On two separate occasions in the past, I questioned this case's reasonable basis. ECF Nos. 19, 23. Petitioner's blatant disregard of the deadlines set by my orders, in addition to her repeated requests for extensions of time so she could decide whether to pursue this case at all, are wasting the resources of this Court. Special masters may dismiss a petition or claim for failure to prosecute or comply with orders. *See* § 12(d)(3); *see also* Vaccine Rule 21(b).

Moreover, even if Petitioner had not engaged in a pattern of delay and ignoring deadlines set in this matter, I find that reasonable basis is lacking sufficiency at this point to proceed with the claim. To receive compensation under the Vaccine Program, a petitioner not asserting a Table Injury (which is this case herein) must establish that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not reveal sufficient persuasive evidence establishing that the alleged injury that G.R. experienced could have been caused by the vaccinations received, especially given the temporal gap between the vaccinations and onset of G.R.'s regression. *See* § 11(c)(1)(D)(i).

There is no reason to continue to extend the matter in order to give Petitioner additional chances to try to fill that missing evidentiary record, given the nature of her claim. Petitioners arguing that their minor children suffered developmental problems akin to an autism spectrum disorder after vaccination have been routinely unsuccessful, especially where the record is devoid of clear evidence that the child experienced a severe reaction to the vaccine.[4] Accordingly, it is just to dismiss the claim at this point rather than allowing more time to pass.

**Thus, this case is dismissed for failure to prosecute and insufficient proof. The clerk of the Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] In a recent decision, petitioners (the parents of a vaccinated child) successfully established a Table injury – an encephalopathy – after vaccination that resulted in autistic-like developmental regression. *See, e.g.*, *Wright v. Sec'y of Health & Human Servs.*, No. 12-423V, 2015 WL 6665600 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). In *Wright*, the petitioners met the Table criteria for an "acute encephalopathy" following vaccination by establishing by preponderant evidence that the vaccinated child experienced a seizure followed by loss of consciousness shortly after receipt of pertussis-containing vaccine; the severe reaction lasted for more than 24 hours, with resulting demonstrable significant changes in behavior. But the special master responsible for that decision (former Chief Special Master Vowell) explicitly noted in her decision that petitioners would <u>not</u> have been able to establish entitlement under their non-Table claim, because their expert presented a causation opinion that she found "absurd and biologically impossible." *Wright*, 2015 WL 6665600, at *2.